# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No:  5:14-cv-656-Oc-30PRL

EDITH M. FOGG,

    Defendant.
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff United States of America's Motion for Entry of Default Final Judgment against Defendant Edith M. Fogg (Doc. 7). The Court, having reviewed the pleadings submitted on behalf of Plaintiff and having noted the entry of default as to Defendant for failure to answer or otherwise plead to the summons and complaint served by Plaintiff, and for good cause shown, concludes that Plaintiff's motion should be granted.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Plaintiff's Motion for Entry of Default Final Judgment against Defendant Edith M. Fogg (Doc. 7) is GRANTED.

2.  Judgment is hereby entered in favor of Plaintiff United States of America and against Defendant Edith M. Fogg.

3.  Plaintiff shall recover from Defendant the sum of $2,572.50, consisting of $1,085.59 unpaid principal, plus $501.91 in interest at the variable rate of 3.13% for Account No. 2014A55764 through February 6, 2015, in accordance with the supporting

documentation attached as Exhibit B to Plaintiff's Motion for Entry of Default Final Judgment, per annum to the date of this judgment, together with a $45 Fee for Service and Travel pursuant to 28 U.S.C. § 1921, and attorney's fees in the amount of $940.[1]

4. This judgment shall bear interest at the rate as prescribed by 28 U.S.C. § 1961 and shall be enforceable as prescribed by 28 U.S.C. § 2001-07, 28 U.S.C. § 3001-3307, and Federal Rule of Civil Procedure 69(a). Plaintiff's address is: Becker & Poliakoff P.A., 121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134 and U.S. Department of Education, 50 Beale St., Suite 8601, San Francisco, CA 94105. Defendant's address is: Edith M. Fogg, 4191 East Harvard Drive, Hernando, FL 34442.

5. For all of which let execution issue.

6. The Clerk of Court is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of February, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\14-656 USA v. Fogg.Default Student Loan.docx

---

[1] The Government is entitled to collect attorney's fees under the Higher Education Act of 1965, 20 U.S.C. § 1087a, *et seq.* (the "HEA"). The HEA provides that, in addition to the terms of any promissory note, "a borrower who has defaulted on a [student] loan . . . shall be required to pay . . . reasonable collection costs." 20 U.S.C. § 1091a(b)(1); *see also United States v. Vilus*, 419 F. Supp. 2d 293, 296-97 (E.D. N.Y. 2005). Additionally, 34 C.F.R. § 685.202(e)(2), specifies that "[i]f a borrower defaults . . . the Secretary assesses collection costs of the basis of 34 CFR 30.60." Namely, 34 C.F.R. § 30.60 provides, in pertinent part, that the Government "may charge a debtor for the costs associated with the collection of a particular debt. These costs include . . . [c]ourt costs and attorney fees." 34 C.F.R. § 30.60(a)(8).